**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2022 JUN 21  AM 9: 27

| UNITED STATES OF AMERICA | NO. 3:22-CR-077-E |
|---|---|
| v. | |
| HERNAN OSCAR GUTIERREZ | |

## FACTUAL RESUME

In support of Hernan Oscar Gutierrez's pleas of guilty to the offenses in Counts One and Two of the Indictment, Gutierrez, the defendant, Michael P. Levine, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offenses alleged in Counts One and Two of the Indictment, charging in Count One a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that is, possession of a firearm by a convicted felon; and charging in Count Two a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), that is, possession with intent to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:

Count One
*First.*   That the defendant knowingly possessed a firearm as charged;

*Second.*   That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*   That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

**Factual Resume—Page 1**

*Fourth.*  That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.[1]

Count Two

*First:*  That the defendant knowingly or intentionally possessed a controlled substance;

*Second:*  That the substance possessed was in fact a mixture and substance containing a detectable amount of methamphetamine;

*Third:*  That the defendant possessed the substance with the intent to distribute it; and

*Fourth:*  That the quantity of the substance was at least 500 grams.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.[2]

## STIPULATED FACTS

1. Hernan Oscar Gutierrez admits and agrees that or about June 1, 2021, within the Northern District of Texas, Dallas Division, knowing that he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, he knowingly possessed, in and affecting interstate commerce, a firearm, to wit: a Glock, Model 17, 9 millimeter pistol, bearing serial number HUY195; a Smith and Wesson, Model SD40VE, .40 caliber pistol, bearing serial

---

[1] Pattern Crim. Jury Instr. 2.43D (5th Cir. 2019).
[2] Pattern Crim, Jury Instr. 2.95A (5th Cir. 2019).

Factual Resume—Page 2

number FYH6305; a Smith and Wesson, Model SW40VE, .40 caliber pistol, bearing serial number DSM7615; a R.G. Industries, Model RG14, .22 caliber pistol, bearing serial number 254426; a RG/Pioneer Arms, Model Targa-GT76, 7.65 caliber pistol, bearing serial number C16358; and a Taurus, Model 856 Ultra-Lite, .38 caliber pistol, bearing serial number AN25442, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. Gutierrez admits and agrees that or about June 1, 2021, within the Northern District of Texas, Dallas Division, he knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1), the penalty for which is found at 21 U.S.C. § 841(b)(1)(A).

3. On June 1, 2021, officers with the Dallas Police Department executed a search warrant at Gutierrez's residence on Lindsley, which is in the City of Dallas and Northern District of Texas. Gutierrez was home and detained in the bathroom. His girlfriend was detained in the bedroom.

4. During a search of the residence the officers found four bags containing methamphetamine in the kitchen. In the bedroom they found another bag containing methamphetamine, a bag containing heroin, and a bag containing cocaine.

5. In a blue backpack on the bedroom floor, officers found the following firearms: a Glock, Model 17, 9mm caliber pistol, bearing serial number HUY195; a Smith and Wesson, Model SD40VE, .40 caliber pistol, bearing serial number FYH6305; a Smith and Wesson, Model SW40VE, .40 caliber pistol, bearing serial number DSM7615; a R.G. Industries, Model RG14, .22 caliber pistol, bearing serial number

254426; and a RG/Pioneer Arms, Model Targa-GT76, 7.65 caliber pistol, bearing serial number C16358. On the bedroom nightstand, officers recovered a Taurus, Model 856 Ultra-Lite, .38 caliber pistol, bearing serial number AN25442. Also recovered were photographs of Gutierrez holding the firearms. Several of the firearms were loaded with extended magazines. A check revealed that the Glock, Model 17, 9mm caliber pistol, bearing serial number HUY195, was reported stolen.

6. Gutierrez waived his *Miranda* rights and admitted he was selling drugs and possessed the firearms. He stated that he had been selling methamphetamine for the past three months.

7. The drugs recovered by the officers were submitted for chemical analysis. A forensic chemist analyzed the drugs and concluded it was a mixture or substance containing methamphetamine, having a net weight of 907 grams. The cocaine weighed 14.7 grams, and there was 1 gram of heroin.

8. Prior to June 1, 2021, Gutierrez had been convicted for the following crimes punishable by imprisonment for a term in excess of one year, that is, a felony offense: on February 2, 2015, Gutierrez was convicted and sentenced to seven-years' confinement for the offense of Kidnapping, in *The State of Texas v. Hernan Oscar Gutierrez*, Cause No. F-1359229, in the Criminal District Court, Dallas County, an offense he committed on August 17, 2013.

9. The defendant agrees that the defendant committed all the essential elements of the offense. Specifically, the defendant agrees that on June 1, 2021, he knowingly possessed a firearm, knowing that he had been previously convicted in a court

of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that the Glock, Model 17, 9mm caliber pistol, bearing serial number HUY195; Smith and Wesson, Model SD40VE, .40 caliber pistol, bearing serial number FYH6305; Smith and Wesson, Model SW40VE, .40 caliber pistol, bearing serial number DSM7615; R.G. Industries, Model RG14, .22 caliber pistol, bearing serial number 254426; RG/Pioneer Arms, Model Targa-GT76, 7.65 caliber pistol, bearing serial number C16358; and Taurus, Model 856 Ultra-Lite, .38 caliber pistol, bearing serial number AN25442, were not manufactured in the State of Texas. The firearms therefore traveled in interstate commerce prior to June 1, 2021, in order to be present in Texas on that date.

10. The defendant agrees that the defendant committed all the essential elements of Count Two. Specifically, that on June 1, 2021, he knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

[No further information on this page.]

11. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Two of the Indictment.

AGREED TO AND STIPULATED on this 21 day of June, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
HERNAN OSCAR GUTIERREZ
Defendant

_____
JOHN J. BOYLE
Assistant United States Attorney
Texas State Bar No. 00790002
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214-659-8617
Fax: 214-659-8809
Email: John.Boyle2@usdoj.gov

_____
MICHAEL P. LEVINE
Attorney for Defendant